UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS GIOVANNI LOPEZ, | ) | 1:08-CV-01305 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | |
| v. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND TERMINATE |
| PEOPLE OF THE UNITED STATES, | ) | ACTION |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus. He has filed a consent form with the Court indicating consent to the jurisdiction of the Magistrate Judge.

On September 4, 2008, Petitioner filed the instant habeas petition in this Court. He complains that his Sixth Amendment right to a speedy trial has been violated because a detainer has been lodged against him but he has not been brought to trial on charges pursuant to the Interstate Agreement on Detainers ("IADA").

**DISCUSSION**

A.  Preliminary Review of the Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

> entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). The Court will review the petition pursuant to its authority under Rule 4.

B. Right to Speedy Trial

Petitioner is currently incarcerated in the California State Prison at Soledad on an undisclosed state conviction. Petitioner states he has received notice of a detainer lodged against him. The detainer states Petitioner is wanted by the United States Immigration and Naturalization Service, now the United States Bureau of Immigration and Customs Enforcement, for illegal entry. Petitioner seeks an immediate trial as prescribed by the IADA as set forth in Cal. Penal Code § 1389.

The Interstate Agreement on Detainers Act ("IADA") governs the disposition of charges between different jurisdictions. The Supreme Court provides this summary of the IADA:

> In 1970 Congress enacted the Interstate Agreement on Detainers Act, 18 U.S.C. App., pp. 1395-1398 (1976 ed.), joining the United States and the District of Columbia as parties to the Interstate Agreement on Detainers (Agreement). The Agreement, which has also been enacted by 46 States, is designed "to encourage the expeditious and orderly disposition of . . . charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Art. I. It prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction and by which the prisoner may demand the speedy disposition of certain charges pending against him in another jurisdiction.

United States v. Mauro, 436 U.S. 340, 343 (1978).

As discussed in United States v. Rodriguez-Delgado, 852 F.2d 1290 (9th Cir.1988), the IADA does not apply in this case because the detainer is not based on an untried indictment, information or complaint as defined in the IADA. It is based on a warrant pending investigation, and therefore, the speedy trial provisions of the IADA do not apply. Id. In addition, ICE has not obtained custody of Petitioner; it has only notified the California Department of Corrections and Petitioner that investigation has been initialized to determine whether Petitioner is subject to removal. Therefore, Petitioner's speedy trial rights have not been violated and the petition must be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the action.

IT IS SO ORDERED.

Dated:   **September 30, 2008**          /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE